The opinion of the Court was delivered by
Levy, J.
Joseph Ritter is the dative tutor of the minors," Joseph A. and Louis Faessel, issue of the marriage of Louis Faessel with Magde *417 lena Ritter, both said spouses being now deceased. On the death of their mother, Magdalena, these minors inherited her community interest in the property acquired during the marriage, and the father duly qualified as natural tutor. The value of the interests of the minors was fixed at the sum of $11,140.50, and to relieve his property from the general mortgage in favor of his minor children, in pursuance of the advice of a family meeting, the father executed a special mortgage upon certain property therein described, to secure the payment of said indebtedness to his children,' which is specially acknowledged in the act of mortgage, and which was thus mortgaged, by the terms of the act itself, “ to secure and protect the interests of his said minor children, in and to the succession or estate of their deceased mother, Magdalene Faessel, amounting to the sum of $11,140.50, as well as to secure his, said appearers, faithful performance and discharge of his duties as their natural tutor, as aforesaid, and in lieu of the general mortgage then existing on all of said appoarer’s property.”
Louis Faessel contracted a second marriage with Anna Betz, and left several children by this last marriage, and on his death, his surviving widow qualified as natural tutrix of the last children, and in that capacity administered the succession of said Louis Faessel.
Joseph Ritter, the dative tutor, applied for, and obtained an order and writ of seizure of sale of the mortgaged property, and the surviving widow and natural tutrix has taken this appeal from the judgment granting the writ of seizure of sale.
The grounds urged for setting aside the order of seizure and sale, are :
1. “ That the special mortgage given by the natural tutor to secure the rights of his minor children, and the faithful performance of his duties as tutor, is not exigible until one of the minors attains his majority, when he can proceed to sale of property mortgaged after discussion of the other property of the debtor.”
2. “An order of seizure and sale on such special mortgage, without rendition of an account fixing specific amount due a minor, and authentic evidence of the exact indebtedness, is premature and unauthorized.”
3. “ The special mortgage does not import a confession of judgment for any specific amount.”
The right of a tutor to grant a special mortgage and thereby release all Ms other property from the effect of the general mortgage, is granted by an express provision of our Code, and in order to enforce such spe-' cial mortgage, all the textual requirements must necessarily' be strictly complied with. Articles 330 to 333, R. C. C., grant the right and *418 point out in detail all the essential requirements to be observed in the enforcement of the remedy.
In appeals from judgments in executory process, ordering the writ of seizure and sale, the Appellate Court is confined to the consideration of the question as to whether the order is based upon sufficient and authentic evidence, and includes an examination, primarily, into that as to whether the case is one which in its very nature is entitled to the executory process. This kind of special mortgage is, in its enforcement, restricted to the provisions of the law which first authorizes its execution for a particular purpose, and then prescribes the manner in which it shall or may be alone enforced. Here the record does not show that either of the minors has attained the age of majority, or has been emancipated; that a family meeting has been convened and advised as to the sale of the property, that there has been a decree of the Judge as provided for. In the absence of this evidence, we think the order for the sale wasimprovidently made.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and that the appellee pay the costs of both Courts.